# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARY YAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-818-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Gary Yager filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Doyle W. Argo, who recommends that the Commissioner's decision be affirmed.

Plaintiff claims he is disabled due to diabetes, illiteracy, back pain and anxiety. He filed his application for benefits in August, 2008, and, when it was denied initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). Following the hearing the ALJ found that plaintiff's degenerative disc disease, diabetes and obesity qualified as severe impairments at step two of the five-step sequential evaluation process for determining whether a social security claimant is disabled. He also found plaintiff had the non-severe impairment of depression. At step three the ALJ found that plaintiff's impairments did not meet or equal one of the listed impairments. At step four the ALJ found plaintiff had the residual functional capacity ("RFC") to perform a wide range of

light work, but could not perform his past relevant work as a maintenance helper. Finally, at step five the ALJ found plaintiff was not disabled because jobs existed in significant numbers in the national economy that he could do, given his age, education, RFC and work experience. When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner.

In reviewing the ALJ's decision, the court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency. Instead, [it] review[s] the ALJ's decision only to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal citation and quotations omitted).

The only issue to be resolved on appeal is whether substantial evidence supports the ALJ's finding that plaintiff has a "limited education".[1] Plaintiff argues he does not and that he is "illiterate" within the meaning of the regulations. Because of his age, plaintiff is disabled under the Medical Vocational Guidelines (the "grids") if he is illiterate. 20 C.F.R. pt. 404, subpt. P, app. 2, table 2, Rule 202.09; *see* Newburn v. Barnhart, 62 Fed.Appx. 300, 303 (10th Cir. 2003) (unpublished opinion).

As the magistrate judge notes, the evidence in the record relating to plaintiff's claim of illiteracy is limited, consisting principally of plaintiff's self-reporting. However, there is

---

[1]*Under the regulations a limited education "means ability in reasoning, arithmetic, and language skills ...." 20 C.F.R. § 416.964(b)(3). The Commissioner uses four categories to evaluate a claimant's educational level: illiteracy; marginal education; limited education; and high school education. 20 C.F.R. § 416.964(b)(1) -(4).*

evidence, apart from plaintiff's testimony, that he has difficulty reading and writing.[2] *E.g.*,Tr. 357.[3] Regardless, while the ALJ determined plaintiff was literate,[4] the basis for that finding is not evident in his decision.

The ALJ concluded, without explanation or any discussion, that "[t]he claimant has a limited education and is able to communicate in English." Tr. 16. Earlier in his decision the ALR denied the request of plaintiff's counsel for a consultative mental evaluation,[5] stating: "[b]ased on the evidence, the claimant worked from 1977 to 1999 with no issues (Exhibit 3D).[6] He has stated that he stopped working due to 'stress,' not illiteracy. As noted above, the claimant is not motivated to change his circumstances. Thus, the Administrative Law Judge denies the request for a consultative mental evaluation." Administrative Record ("TR.) 13. The stated reasons do not justify the denial of a consultative exam or the finding of literacy.[7] Without more, the court cannot conduct meaningful judicial review of the basis for the ALJ's decision or determine whether substantial evidence supports it.

---

[2]*The regulations define illiteracy as"the inability to read or write." 20 C.F.R. §416.964(b)(1). A person is considered to be illiterate if he or she "cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." Id.*

[3]*It is the extent of that difficulty that is unclear .*

[4]*The magistrate noted that implicit in the ALJ's finding that plaintiff had a limited education was his conclusion that plaintiff was literate.*

[5]*The request was made at the hearing.*

[6]*Exhibit 3D consists of plaintiff's earnings information, TR.119-20.*

[7]*The ALJ did not find that plaintiff's former job required him to be literate. The fact that he stopped working due to stress, also does not demonstrate that he is literate .*

3

The court concludes the case should be remanded for further development of the record concerning plaintiff's educational level, which shall include a consultative exam as it could reasonably be expected to be of material assistance in resolving the issue of disability. *See* 20 C.F.R. § 404.1519a(b); *see generally* Kanelakos v. Astrue, 249 Fed.Appx. 6, 8-9 (10th Cir. 2007) (unpublished opinion) (A consultative mental examination "is necessary when the evidence in the record establishes a reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." ) (internal quotations omitted). Accordingly, the court **REVERSES** the final decision of the Commissioner and **REMANDS** the case to the Commissioner for further proceedings consistent with this order.[8]

**IT IS SO ORDERED**.

Dated this 18th day of May, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8] *The court does not suggest by this remand that the ALJ's determination of plaintiff's education level — or the ALJ's ultimate conclusion --- was wrong. Indeed, the magistrate judge's Report and Recommendation identified a number of factors and/or aspects of the evidence which potentially support the ALJ's determination. Rather, the question here is whether the ALJ identified and discussed the basis for the relevant determination so as to constitute a sufficient basis, under the standards applicable to administrative appeals of this sort, for his ultimate determination.*